ROGER J. LEMELIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lemelin v. Commissioner
Docket No. 1304-74.
United States Tax Court
T.C. Memo 1975-166; 1975 Tax Ct. Memo LEXIS 206; 34 T.C.M. (CCH) 744; T.C.M. (RIA) 750166; May 29, 1975, Filed Roger J. Lemelin, pro se. Peter J. Panuthos, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in, and additions to, petitioner's income tax as follows: Addition to Tax Year
Deficiency
Sec. 6653(b) [1]
1967
$3,576.42
$1,788.21
1968
6,715.10
3,357.55
1969
5,261.23
2,630.62
The parties stipulated that petitioner's 1967, 1968 and 1969 Federal income tax returns understated his tax liabilities in the amounts specified above. Accordingly, the only issue is whether any part of the underpayment for each year was due to fraud within the meaning of section 6653(b). FINDINGS OF *207 FACT Some facts were stipulated and are found accordingly. Petitioner resided in Springfield, Massachusetts, when his petition was filed. He and his wife filed joint Federal income tax returns for 1967, 1968 and 1969 with the Andover Service Center, Andover, Massachusetts. Petitioner was City Assessor for Springfield, Massachusetts, from 1962 to 1965. He also served as Chairman of the Republican Party of Springfield for approximately three years. In 1966, petitioner started his own real estate and brokerage business. He omitted gross receipts from that business of $13,746.46, $14,299.93 and $13,450.30, respectively, from his 1967, 1968 and 1969 income tax returns. Petitioner also understated interest income of $874.72, $1,358.96 and $2,857.72, respectively, for those years. As a result of these understatements and other adjustments, petitioner does not dispute the deficiencies determined by respondent. Petitioner also indicated at trial that he does not dispute his liability for the addition to tax under section 6653(b) for 1967 and 1968 of $1,788.21 and $3,357.55, respectively, although his pleadings indicate otherwise. Petitioner was convicted of willfully evading income *208 taxes for 1967 and 1968 under section 7201. [2]
During 1967 through 1969, petitioner deposited over $45,000 in the savings accounts of his sons, Mark and Michael, at Hampden Savings Bank. Petitioner was aware that the funds that he was depositing to those accounts represented taxable income. Petitioner did not file an income tax return for either son for 1969 and did not report interest income from those accounts on his own return. On May 23, 1969, petitioner received a $6,200 check for services rendered as a real estate broker. On May 30, 1969, petitioner deposited $6,000 from that check in his sons' savings accounts at Hampden Savings Bank. On September 2, 1969, petitioner deposited a $4,900 check received for services rendered as a real estate broker in Michael's savings account *209 at Hampden Savings Bank. Petitioner prepared a worksheet for the use of his accountant in preparing his 1969 income tax return which showed gross income of $21,040 for that year. Petitioner's 1969 income tax return was audited by Revenue Agent Richard L. LaPlante (hereinafter LaPlante). Petitioner submitted to LaPlante total billings received by him in 1969 of $21,645.30 and a very detailed schedule of expenses, including expenditures for items costing as little as 30 and 66 cents. Petitioner did not present for examination by LaPlante a cash receipts book or any other book to record gross receipts from his business. The $6,200 and $4,900 checks that petitioner deposited in his sons' accounts were not included as part of the billings submitted by petitioner to LaPlante. When asked by LaPlante whether he had any savings accounts, petitioner replied negatively; at the same conference, however, he subsequently admitted and then denied that there were savings accounts in his sons' names at Hampden Savings Bank. Petitioner's explanations of his failure to report approximately $13,000 in gross receipts during 1969 included: (1) He did not go through his files carefully enough; (2) *210 he did not give enough thought to doing the right thing; and (3) he mislaid the relevant file folders. OPINION Section 6653(b) provides, in part, that if any part of any underpayment of tax required to be shown on a return is due to fraud, then there shall be added to the tax an amount equal to 50 percent of the underpayment. The sole issue herein is whether the underpayment of tax by petitioner during 1967, 1968 and 1969 was due to fraud. The entire burden of proving fraud rests on respondent. , affd. (C.A.D.C., 1953). Petitioner has admitted to substantial understatements of income for 1967, 1968 and 1969. He has also admitted that the 50 percent fraud penalty of section 6653(b) was properly determined by respondent for 1967 and 1968. "Consistent, substantial understatements of income for several years, as was true here, is highly persuasive evidence of intent to defraud the government." (C.A. 6, 1956), affg. a Memorandum Opinion of this Court; accord, (C.A. 9, 1957), *211 affg. a Memorandum Opinion of this Court. See also, , which held that "evidence of a consistent pattern of underreporting large amounts of income" would support an inference of willfulness. Petitioner's conduct with respect to the savings accounts in his sons' names is particularly damaging. He knew that the funds he was depositing to those accounts were taxable income to him, but he made no effort to record or report that income. Interest income from those savings accounts was not reported on his own return for 1969, nor was any income tax return filed for either of his sons for 1969. When questioned on audit about the existence of bank accounts, petitioner first denied having any, then stated his sons had accounts, then denied that his sons had accounts. Petitioner's conduct with respect to these accounts clearly evidences a pattern of evasion. Another indication of fraud by petitioner was his attempt to mislead the auditing agent by submitting only enough billings to support the gross receipts figures shown on his returns. Over $13,000 in 1969 billings were accordingly not presented by petitioner, and this constituted *212 omission of a substantial amount when compared with his claimed total of gross receipts of just over $21,000. Another indication of fraud is petitioner's presentation of very detailed records of expense items, in contrast to his substantial omissions of gross receipts. . Petitioner was, prior to the years in question, Chairman of the Republican Party for Springfield, Massachusetts, and City Assessor of Springfield, Massachusetts. Furthermore, as a real estate broker he should have recognized the importance of keeping accurate records of his transactions. We accordingly believe that petitioner was an intelligent man, previously accorded positions of responsibility, whose conduct was deliberately undertaken with the intent of falsely understating his income tax liabilities. Although petitioner indicated at trial that he was not contesting the 50 percent fraud penalty for 1967 and 1968, his pleadings indicate otherwise. In any event, under the principle of collateral estoppel petitioner may not deny imposition of the fraud penalty under section 6653(b) for 1967 and 1968 because he has been convicted of felonious evasion *213 of income taxes for those years. . We accordingly hold that petitioner is liable for the 50 percent fraud penalty imposed by section 6653(b) for 1967, 1968 and 1969, as determined by respondent. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. SEC. 7201. ATTEMPT TO EVADE OR DEFEAT TAX. Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.↩